[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15579
Non-Argument Calendar

_____

D. C. Docket No. 06-00002-CV-1-MMP-AK

STANLEY L. CUTHBERT,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 15, 2008)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Stanley L. Cuthbert appeals the district court's order affirming the Commissioner of Social Security's (Commissioner) denial of his application for disability and disability insurance benefits, 42 U.S.C. § 405(g). On appeal, Cuthbert argues the district court erred by upholding the Administrative Law Judge's (ALJ) finding that his mental impairment was not severe.[1] Cuthbert contends the ALJ's finding was not supported by substantial evidence as it was contrary to the opinions of three doctors who examined him. Cuthbert also argues the ALJ's severity determination resulted in an error later in the disability analysis when the ALJ applied the medical-vocational guidelines instead of calling a vocational expert.

We review *de novo* the legal principles underlying the Commissioner's decision. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). We review the Commissioner's ultimate decision to determine whether it is supported by substantial evidence. *Id.* Substantial evidence is "less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

---

[1] As an initial matter, Cuthbert has abandoned any argument he was disabled based on his physical impairments after June 17, 2003, by failing to raise such an argument on appeal. *See Horsley v. Feldt*, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002) (concluding that claims not raised on appeal are abandoned).

To receive Social Security disability benefits, Cuthbert must prove he is disabled. *Id.* In evaluating a disability claim, an ALJ uses the following five-step process:

1. Is the individual performing substantial gainful activity;

2. Does she have a severe impairment;

3. Does she have a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1;

4. Can she perform her past relevant work; and

5. Based on her age, education, and work experience, can she perform other work of the sort found in the national economy.

*Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

At step two, "[a]n impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). Basic work activities include, for example, (1) physical functions such as walking and standing; (2) capacities for seeing, hearing, and speaking; (3) understanding, following, and remembering simple instructions; (4) using judgment; (5) responding appropriately to supervision, co-workers, and normal work situations; and (6) dealing with changes in the work setting. 20 C.F.R. § 404.1521(b). At step two, only claims based on the most trivial impairments can be rejected, and "[a]n impairment is not severe

3

only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). If an individual is found not to have a severe impairment at step two of the analysis, then the individual is found not disabled. 20 C.F.R. § 404.1520(a)(4)(ii).

Mental impairments are evaluated based on how the claimant's mental impairment impacts four functional areas: "Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 404.1520a(c)(3). If the degree of limitation in the first three functional areas is rated as "none" or "mild," and "none" in the fourth area, the Commissioner generally concludes the impairment is not severe. 20 C.F.R. § 404.1520a(d)(1). The ALJ must incorporate the results of this analysis into his findings and conclusions. *Moore*, 405 F.3d at 1213-14.

Opinions of treating physicians must be given substantial weight unless "good cause" is shown to the contrary. *Phillips*, 357 F.3d at 1240. Good cause exists when the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's

4

opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1241.

Substantial evidence supports the ALJ's finding that Cuthbert's mental impairment after June 2003 was not severe. First, the evidence showed Cuthbert could carry out many daily living activities, such as preparing food, shopping, and caring for himself. Moreover, the difficulties Cuthbert reported in these activities related to physical pain rather than a mental impairment. Second, Cuthbert's social functioning was not severely impacted by his depression as he was able to attend church, have visitors, and socialize with his family by telephone. Third, psychological examinations did not reveal major deficits in concentration, persistence, or pace as (1) Dr. Michael Amiel observed Cuthbert's thought processes were organized, and he was able to interpret opposites and similarities; (2) Dr. Paula Lovett found Cuthbert's attention and concentration skills were normal, his memory was intact, and his abstracting ability and insight were good; and (3) Dr. Lance Chodosh opined Cuthbert was able to comprehend and follow directions. Fourth, the record reveals no episodes of decompensation. Moreover, the state agency psychologist found Cuthbert had no episodes of decompensation, and had only mild restrictions in his activities of daily living, social functioning, and ability to maintain concentration, persistence, or pace. 20 C.F.R.

5

§ 404.1520a(d)(1). Finally, Drs. Amiel and Lovett, along with the state agency psychologist, found Cuthbert's depression was mild in intensity.

The ALJ had "good cause" to question the credibility of Dr. Lovett's Mental Residual Functional Capacity (MRFC) responses. First, Cuthbert concedes in his brief the MRFC covers only July 2002 to April 2003. Thus, it does not cover the time period, beginning June 17, 2003, during which the ALJ found Cuthbert was not disabled. Second, Dr. Lovett's responses are conclusory because they merely consist of items checked on a survey, with no explanations. *See Phillips*, 357 F.3d at 1241. Third, the extensive limitations detailed in the MRFC were inconsistent with Dr. Lovett's earlier assessment that Cuthbert's depression was mild in intensity. *See id.* Therefore, the district court did not err in finding the ALJ's determination was supported by substantial evidence.

As substantial evidence supports the ALJ's conclusion at step two, it is unnecessary to address Cuthbert's argument that the ALJ committed error at step five by using the medical-vocational guidelines instead of calling a vocational expert. Because substantial evidence supports the ALJ's finding that Cuthbert's mental impairment was not severe, we affirm.

**AFFIRMED.**

6